IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS PADILLA, #18822-077, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-2594-G (BK) |
| | § | (3:89-CR-0095-G) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

## I. BACKGROUND

On February 26, 2009, Petitioner, a federal prisoner, filed *pro se* petition for a writ of *audita querela* pursuant to 28 U.S.C. § 1651. Petitioner is currently confined within the Federal Bureau of Prisons in Bastrop, Texas. The court did not issue process in this case pending preliminary screening.[1]

In 1989, after a jury convicted Petitioner of conspiracy to kidnap and extort money and aiding and abetting, interstate travel to promote unlawful activity, and using a firearm during a violent crime and aiding and abetting, the District Court sentenced him to 425 months' imprisonment. *United States v. Gallegos*, No. 3:89-CR0095-G(02) (N.D. Tex. 1989). The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. *United*

---

[1] The petition for writ of *audita querela* was recently filed for indexing purposes as a civil action directly assigned to the Sentencing Judge and referred to the undersigned Magistrate Judge. Since the petition stems from a criminal proceeding, the Court does not require the payment of the $5.00 filing fee or the filing of a motion to proceed *in forma pauperis*.

*States v. Rocha, et al.*, 916 F.2d 219 (5th Cir. 1990). Petitioner unsuccessfully filed a combined motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, and for writs of *coram nobis* and *audita querela*. *See United States v. Padilla*, 3:89-CR-095-G(02) (N.D. Tex. Dec. 7, 1999) (Doc. #1-5) (dismissing section 2255 motion as barred by the one-year statute of limitations, and denying request for relief under *coram nobis* and *audita querela*), *certificate of appealability denied*, No. 99-11408 (5th Cir. 2000).² Shortly thereafter, Petitioner unsuccessfully filed a habeas petition seeking relief under the savings clause of section 2255 in light of *Bailey v. United States*, 516 U.S. 137 (1995). *See Padilla v. Dobre*, 1:01-CV-0157 (E.D. of Tex., Beaumont Div., 2002) (dismissing habeas petition), *affirmed*, 101 Fed. Appx. 469 (5th Cir. 2004) (unpublished per curiam). After *United States v. Booker*, 543 U.S. 220 (2005), Petitioner submitted a motion for re-sentencing under the "advisory guidelines," which the court dismissed without prejudice as a successive section 2255 motion). *See United States v. Padilla*, 3:89-CR-095-G(02) (N.D. Tex. Dec. 20, 2005) (Doc. # 32-35).³

In his petition for writ of *audita querela*, Petitioner again asserts his sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005). He requests to be re-sentenced under the "advisory guidelines" pursuant to *Booker* and 18 U.S.C. § 3582(c)(2).

## II. DISCUSSION

"The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354,

---

² The Clerk of Court opened a civil case for indexing purposes. *See Padilla v. United States*, 3:99-CV-2408-G (N.D. Tex. 1999).

³ The Clerk of Court opened a civil case for indexing purposes. *Padilla v. United States*, 3:05-CV-2483 (N.D. Tex. 2005).

356 (5th Cir. 1993). *See also United States v. Miller,* 599 F.3d 484, 489 (5th Cir. 2010) ("a writ of *audita querela* is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition."). For a defendant seeking post-conviction relief, the writ "is a slender reed upon which to lean." *Banda*, 1 F.3d at 356. As noted in *Banda* and restated in *Miller*, "[i]t is an open question whether the . . . writ survives as a post-conviction remedy." *Banda*, 1 F.3d at 356; *see also Miller*, 599 F.3d at 489 ("the writ of *audita querela* might also survive in criminal adjudications, if there is a gap for it to fill.").

Nevertheless, even assuming the writ survives, it is available only "where there is a legal objection to a judgment which has arisen subsequent to that judgment." *Miller*, 599 F.3d at 489. "Purely equitable grounds for relief do not justify the issuance of a writ of *audita querela*." *Id.* In addition, "the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Id.* It is now well established that a petitioner may not seek a writ of *audita querela* if he "may seek redress under § 2255." *Banda*, 1 F.3d at 356. Nor can a petitioner use the writ to circumvent the procedural and legal requirements of section 2255, including the limit on second or successive motions. *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs.").

In support of his petition for writ of *audita querela*, Petitioner argues that *Booker* is applicable to him because it "represents a newly existing legal defense" that was unavailable when he was convicted and sentenced. (Doc. #1 at 5.) He explains that his sentence under the mandatory sentencing guidelines amounts to *Booker* error and is "unconstitutional." (*Id.* at 5-6)

3

Petitioner also alleges equitable arguments based on his individual circumstances and the length of his sentence.

Petitioner cannot establish a legal objection or defense to the judgment of conviction. His reliance on *Booker* and the advisory sentencing guidelines is unavailing. It is well established in the Fifth Circuit that *Booker* does not apply retroactively to cases on collateral review. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). Nor does *Booker* present a sufficient basis on which to file a successive section 2255 motion. *See In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005). Additionally, Petitioner's remaining arguments rely on circumstances and equities which are not cognizable in the context of a writ of *audita querela*. *Miller*, 599 F.3d at 489.

Regardless of how Petitioner labels his petition, it is nothing more than a collateral attack on the validity of his sentence cognizable under section 2255. His inability to meet the requirements for bringing a successive section 2255 motion does not render his remedy under section 2255 unavailable. *See Slaughter v. United States,* 2010 WL 2102329, 1 (5th Cir. 2010) (unpublished per curiam) (affirming dismissal of writ of *audita querela* because remedy for *Booker* claim was under section 2255 and petitioner had not sought leave to file a successive section 2255 motion); *United States v. Mason*, 131 F. App'x 440, 441 (5th Cir. 2005) (unpublished *per curiam*) (same); *Clark v. United States*, 112 F. App'x 368 (5th Cir. 2004) (unpublished *per curiam*) (same). Petitioner has made no showing that he has obtained the authorization required by 28 U.S.C. § 2244(b)(3)(A) to file a successive section 2255 motion. Having failed to show that the section 2255 remedy is unavailable, Petitioner cannot establish that he is entitled to relief pursuant to a writ of *audita querela*. *See United States v. Ford,* 372 F. App'x 545, 545-546 (5th Cir. 2010) (unpublished *per curiam*); *United States v. Johnson*, 350 F.

App'x 872, 873 (5th Cir. 2009) (unpublished *per curiam*); *United States v. Cornett*, 350 F. App'x 849, 850, (5th Cir. 2009) (unpublished *per curiam*).

Nor can Petitioner seek a reduction of sentence based on *Booker* under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows a district court to reduce a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by" an amendment to the Sentencing Guidelines." Because eligibility for a section 3582(c)(2) reduction "is triggered only by an amendment . . . that lowers the applicable guideline range," USSG. § 1B1.10 cmt. n. 1(A), *Booker* and the "advisory guidelines" cannot present a basis for a section 3582(c)(2) sentence reduction.

### III. RECOMMENDATION

For the foregoing reasons, the District Court should DISMISS with prejudice the petition for writ of *audita querela*.

SIGNED on January 12, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE